55 CCPA

**Application of Howard A. FULTON, Laird I. Kerr and Clayton Duane Obrecht.**

**Patent Appeal No. 7813.**

United States Court of Customs and Patent Appeals.

Nov. 2, 1967.

Watts & Fisher, B. D. Watts, Lowell L. Heinke, Cleveland, Ohio, for appellants.

Joseph Schimmel, Washington, D. C. (Jere Sears, Washington, D. C., of counsel), for Commissioner of Patents.

Before WORLEY, Chief Judge, RICH, SMITH and ALMOND, Associate Judges, and Judge WILLIAM H. KIRKPATRICK.*

ALMOND, Judge.

This is an appeal from the decision of the Board of Appeals affirming the rejection on prior art of appellants' claims 16, 17, 18, 19 and 21 in their application [1] for relief valve with indicia-bearing lever.

Appellants' invention resides broadly in the novel relationship of an indicia plate in combination with a relief valve. The indicia plate is mounted on a handle which is rotatable about the body of the relief valve in such a manner that the plate can be moved to a position where it is readily visible regardless of the position in which the valve is installed. The indicia plate may carry information pertaining to the operating characteristics of the valve, including its inlet and outlet sizes, the pressure and temperature release settings of the valve, and the like.

The reference relied on by the Board of Appeals is the patent to Banner No. 2,497,201, issued February 14, 1950, which relates to valves designed to effect fluid relief when predetermined limits of temperature and pressure are exceeded.

Appellants admit that "[t]he claimed structure of the relief valve apart from the relation of the information indicia plate is old." The examiner found that "[t]aking claim 16 as illustrative, same reads verbatim on Banner except for the printed matter or indicia * * * on the lever * * *." The board observed that "[t]here is no controversy that the valve structure defined in the

---

* Senior District Judge, Eastern District of Pennsylvania, sitting by designation.

1. Serial No. 251,905, filed January 16, 1963.

claims at bar is present in the Banner patent." We deem it unnecessary, therefore, to consider the details of appellants' valve or those of Banner.

We do not consider it necessary to reproduce any of the appealed claims in extenso as we are concerned only with those limitations therein which relate to the indicia means. Claim 18 is illustrative:

18. A relief valve comprising:

\* \* \* \* \* \*

f) an indicia plate carried by said other end of the elongated lever member, said plate extending beyond the sides of said lever member and being substantially wider than said lever member, said plate having a surface bearing indicia pertaining to the operating and condition responsive characteristics of the valve; and,

g) a swivel connection between at least two connected members whereby said indicia plate is rotatable about the longitudinal axis of the valve body to position its indicia bearing surface in any one of a plurality of easy viewing positions around the valve body.

Appellants assert that they are unable to determine from the language employed by the examiner and the board whether the rejection of the appealed claims was predicated on 35 U.S.C. § 101 or 35 U.S.C. § 103. The examiner stated that all of the claims "stand rejected on the patent to Banner." Taking claim 16 as illustrative, he found "nothing inventive" in disposing a lever plate on the Banner lever, deeming it to be "entirely obvious to mount or place indicia wherever convenient." As to claim 17 which calls for a detachable plate, he deemed it to be drawn to subject matter which is obvious. He applied the same rationale to the remaining claims, concluding that "the differences over the art relied on are clearly obvious \* \* \*."

In its affirmance the board stated:

Placing information indicia on the downwardly extending arm of Banner's lever, whether directly thereon or by means of a plate attached thereto is not seen to involve anything more than an obvious convenient adaptation of the everyday practice of providing information where it is readily visible. We deem it obvious also to provide sufficient surface for the amount of information desired. \* \* \*

Upon reconsideration, the board stated that it did not consider the indicia means per se "but in their claimed relationship, which we did not find unobvious or patentable."

In view of the foregoing, it seems clear that the rejection of the appealed claims was predicated on section 103, and properly so. This conclusion as to the basis of the rejection was shared by appellants. In their request for reconsideration, appellants stated: "It is the question of obviousness which is the basis for the Examiner's final rejection and the decision by the Board of Appeals."

It may well be, as appellants contend, that the location, accessibility and convenience of the indicia means poses a solution to an actual problem; yet it does not necessarily follow that the solution is unobvious. In re Gonser, 51 C.C.P.A. 1026, 327 F.2d 500.

Our review of the record and consideration of the cited cases and the argument of counsel are not persuasive of reversible error in the decision of the Board of Appeals, which is accordingly affirmed.

Affirmed.

SMITH, J., concurs in the result.